# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PRETTYMAN,<br><br>                   Plaintiff,<br><br>    vs.<br><br>CITY OF SAN DIEGO POLICE DEPARTMENT; OFFICER CHRISTOPHER LUTH; and DOES 1 through 10, inclusive,<br><br>                   Defendants. | CASE NO. 11-cv-00195-MMA (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 7] |

Plaintiff Kenneth Prettyman, proceeding *pro se*, initiated this civil rights case on January 31, 2011. On June 21, 2011, Defendants San Diego Police Department ("SDPD") and Officer Christopher Luth (collectively "Defendants") filed a Motion to Dismiss the Complaint, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 7.][1] Thereafter, Plaintiff opposed the motion [Doc. No. 14], and Defendants replied. [Doc. No. 15.] The Court found the motion suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Defendants' motion.

/ / /

---

[1] The San Diego Police Department specially appears on behalf of erroneously sued City of San Diego Police Department. [Doc. No. 7, p. 1.]

- 1 -

## BACKGROUND

This action arises from events related to Plaintiff's arrest by SDPD officer, Christopher Luth. [Cmplt., Doc. No. 1, p. 3.][2] On March 3, 2008, Officer Luth almost struck Plaintiff with his patrol vehicle while he crossed a street. [*Id.*] Officer Luth then turned his vehicle around and said to Plaintiff, "sit your black ass down." [*Id.*] According to Plaintiff, Officer Luth grabbed his shirt collar, which prompted a struggle between the two individuals. [*Id.*] During the struggle, Officer Luth kicked Plaintiff to the ground and punched the right side of Plaintiff's face four or five times. [*Id.*] After the altercation, Plaintiff was arrested and Deputy City Attorney Michael Ficken pressed charges against him. [*Id.*] The criminal case against Plaintiff ultimately went to trial, but ended on August 27, 2008 in a mistrial due to a deadlocked jury. [*Id.*][3]

This is Plaintiff's second civil rights action concerning the March 3, 2008 incident. Initially, Plaintiff filed an action in the San Diego Superior Court on February 2, 2010. [Doc. No. 7-1, Exh. A.] On March 2, 2010, Defendants removed the action to this Court. [*Id.* at p. 2.] The suit stalled because Plaintiff requested two continuances and one extension of time. [*See Kenneth Prettyman v. San Diego Police Department, et al.*, U.S. District Court Case No. 10-cv-0463 MMA (RBB), Doc. Nos. 6, 19, 22.] Eventually, Plaintiff moved to voluntarily dismiss the action under Federal Rule of Civil Procedure Rule 41(a)(2). [*Id.* at Doc. No. 29.] The Court granted Plaintiff's motion and dismissed the suit without prejudice on November 1, 2010. [*Id.*]

On January 31, 2011, Plaintiff filed the present action, alleging violations of section 1983 predicated on three separate theories: (1) Officer Luth assaulted Plaintiff, thereby subjecting him to cruel and unusual punishment in violation of the Eighth Amendment; (2)

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). Accordingly, unless otherwise noted, all facts cited are taken from Plaintiff's Complaint.

[3] Plaintiff's Complaint does not specify the charges levied against him, his arraignment date, nor whether he was incarcerated for any period of time.

- 2 -                                                                 11cv00195

1  Officer Luth falsely arrested and imprisoned Plaintiff in violation of the Eighth Amendment;
2  and (3) Officer Luth and Deputy City Attorney Michael Ficken conspired against Plaintiff in
3  violation of the Fifth, Eighth, and Fourteenth Amendments. [*Id.*][4]  On June 21, 2011,
4  Defendants moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure
5  12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### I.  REQUEST FOR JUDICIAL NOTICE

In support of their motion to dismiss, Defendants request the Court take judicial notice of the following: (1) all pleadings, documents, records, and orders contained in the first lawsuit against Defendants, case number 10-cv-0463 MMA (RBB); and (2) the fact that the SDPD is a municipal department of the City of San Diego. [Doc. No. 7-1, pp. 2, 6.]

Under Federal Rule of Evidence 201(b), federal courts may take judicial notice of facts not "subject to reasonable dispute" and capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(1)-(b)(2); *Muhammad v. Cal.*, 2012 U.S. Dist. LEXIS 26339 *16-17 (N.D. Cal. Feb. 29, 2012). This includes matters of public record found outside of the pleadings, such as court records, orders, and other documents related to the proceeding. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Court **GRANTS** Defendants' request for judicial notice with respect to the pleadings, documents, records, and orders from Plaintiff's prior case against Defendants.

However, the Court declines to take judicial notice of the fact that the SDPD is a municipal department of the City of San Diego. [Doc. No. 7-1, p. 6.]  Defendants erroneously assert section 22.0601 of the San Diego Municipal Code supports their request. [*Id.*]  This provision establishes the duties of the SDPD, but does not identify the SDPD as a municipal department. [Doc. No. 7-5, Exh. C.]  Because the Court cannot immediately determine whether

---

[4] Plaintiff erroneously labels the Eighth Amendment claim as the Seventh Amendment in his Complaint. [Cmplt., at pp. 3-4.]

the SDPD is a municipal entity solely by consulting the cited source, Defendants' request for judicial notice of this fact is **DENIED**.

**II.    MOTION TO DISMISS**

    **(A)    Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Where a plaintiff appears in propria persona, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*;

*see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

**(B)   Analysis**

Plaintiff's civil rights claims are premised on his March 3, 2008 arrest. [Cmplt., p. 2.] While his complaint contains minimal detail, the allegations are based on three primary theories. First, Plaintiff asserts Officer Luth subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he kicked and punched Plaintiff prior to arresting him. [*Id.* at p. 3.] Second, Plaintiff alleges Officer Luth falsely arrested and imprisoned him in violation of the Eighth Amendment, because the arrest was based on spurious charges. [*Id.* at p. 4.] Lastly, Plaintiff contends Officer Luth and Deputy City Attorney Michael Ficken conspired against him in violation of the Fifth, Eighth, and Fourteenth Amendments, by bringing false charges against him and submitting false evidence into the record at his criminal trial. [*Id.* at p. 5.] In response, Defendants argue Plaintiff's entire complaint should be dismissed because California's two-year statute of limitations for personal injury claims bars Plaintiff's civil rights claims. [Doc. No. 7-1, pp. 4-5.] The Court agrees.

The Federal Civil Rights Act does not contain its own limitations period. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). Instead, federal courts apply the forum state's statute of limitations for personal injury torts to section 1983 claims, because the claims are best characterized as actions for injuries to personal rights. *See Navarro v. Herndon*, 2011 U.S. Dist. LEXIS 94606 *5 (E.D. Cal. Aug. 24, 2011); *McDougal v. Cnty. of Imperial*, 942 F.2d

1   668, 672 (9th Cir. 1991). California has a two-year limitations period for assault, battery, and
2   other personal injury claims. CAL. CIV. PROC. CODE § 335.1. Therefore, California's two-year
3   statute of limitations governs Plaintiff's section 1983 claims.

    (i)   *Accrual of Statute of Limitations*

5   Although state law governs the limitations period, federal courts apply federal law to
6   determine the date a plaintiff's claim accrued. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir.
7   2002) (quoting *Morales v . City of Los Angeles*, 214 F.3d 1151, 1153-4 (9th Cir. 2000)). Under
8   federal law, a claim generally accrues "when the plaintiff knows or had reason to know of the
9   injury which is the basis for the action." *Pearce v. Romeo*, 299 F. App'x 653, 655 (9th Cir.
10  2008) (quoting *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008)). Each of
11  Plaintiff's three theories of liability have an individual accrual date. However, if the last claim
12  to accrue is time-barred, the remaining claims will also be barred.

13  Here, the statute of limitations for Plaintiff's assault, false arrest, and imprisonment
14  claims began to run before his conspiracy claim. Plaintiff's assault claim started accruing the
15  date of his arrest, because he was aware of Officer Luth's alleged wrongdoing and of his injury
16  at that time. *Pearce*, 299 Fed. App'x. at 655. Plaintiff's false arrest and imprisonment claims
17  began to accrue on the date of his arraignment. *Rollin v. Cook*, 2012 U.S. App. LEXIS 1313 *2
18  (9th Cir. Jan. 23, 2012).[5]

19  For a conspiracy claim brought under section 1983, the accrual date is determined by
20  the "last overt act doctrine." *Pearce*, 299 Fed. App'x. at 655 (quoting *Gibson v. United States*,
21  781 F.2d 1334, 1340 (9th Cir. 1986)). Under this doctrine, injuries and damage from an
22  alleged conspiracy stem from a defendant's overt acts and not the mere continuance of a
23  conspiracy. *Id.* Therefore, the date of accrual is the date of the last overt act. *Id.* In this case,
24  the last possible date an overt act could have occurred is August 27, 2008—the last day of
25  Plaintiff's criminal trial. Plaintiff filed this action on January 31, 2011, almost two years and

---

[5]Although Plaintiff does not allege the exact date of arraignment, absent evidence to the contrary, the Court presumes it occurred within 48 hours of his arrest.

four months after Plaintiff's criminal trial ended. Thus, Plaintiff's conspiracy claim is barred by California's two-year statute of limitations, as are his claims for assault, false arrest, and imprisonment that accrued prior to trial.

    (ii)  *Equitable Tolling of Statute of Limitations*

  In some circumstances equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (Cal. Ct. App. 2003)). In determining whether a civil rights claim is time-barred, federal courts apply the forum state's equitable tolling provisions to the extent they are not inconsistent with federal law. *Dawkins v. Woodford*, 2012 U.S. Dist. LEXIS 21473 *12 (S.D. Cal. Feb. 21, 2012); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). In California, equitable tolling applies in limited circumstances to prevent "unjust technical forfeiture" of certain claims. *Provencio v. Vazquez*, 2008 U.S. Dist. LEXIS 73255 * 19 (E.D. Cal. Aug. 15, 2008). For example, if the defendant wrongfully induced the plaintiff to file the claim outside of the limitations period, equitable tolling may apply. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1127 (9th Cir. 2008).

  However, the Ninth Circuit and the Supreme Court of California have foreclosed equitable tolling when, absent express statutory language, a plaintiff dismisses a claim voluntarily. *Johnson*, 534 F.3d at 1127 (citing *Wood v. Elling Corp.*, 20 Cal. 3d 353, 359 (Cal. 1977)). In other words, a party cannot deduct the time consumed by the pendency of an action if it was later dismissed without prejudice. *Thomas v. Gilliland*, 95 Cal. App. 4th 427, 433 (Cal. Ct. App. 2002). When an action is dismissed without prejudice, courts restore the applicable statute of limitations "as if no action had been brought." *Wood*, 20 Cal. 3d at 359. Accordingly, if a plaintiff voluntarily dismisses a timely filed action, equitable tolling cannot save a second action filed after the limitations period has expired. *See Provencio*, 2008 U.S. Dist. LEXIS 73255 *3, 28; *see also Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (Cal. Ct. App. 1998) (equitable tolling does not apply to successive claims pursued in the same forum); *Davis v. Smith's Transfer, Inc.*, 841 F.2d 139, 140 (6th Cir. 1988)

1  (holding voluntary dismissal of a suit under Rule 41(a) does not toll or effect the continuous
2  running of the applicable limitations period).

3       Here, Plaintiff filed an action in state court on February 2, 2010, with 30 days
4  remaining in the limitations period.  After Defendants removed the action to this Court,
5  however, the Court granted Plaintiff's request for voluntary dismissal on November 1, 2010.
6  Plaintiff filed the pending action on January 31, 2011, more than two years after Plaintiff's
7  criminal trial concluded.  Because Plaintiff voluntarily dismissed his first action, California's
8  equitable tolling provisions do not apply to the claims in his newly filed complaint.
9  Accordingly, Plaintiff's complaint is subject to dismissal with prejudice, because his claims are
10 time-barred, and this deficiency cannot be cured by amendment.

## CONCLUSION

12      For the reasons set forth above, the Court **GRANTS** Defendants' motion [Doc. No. 7],
13 and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.  Because amendment would be
14 futile and this Order disposes of all remaining claims, Plaintiff's Motion for Appointment of
15 Counsel is **DENIED AS MOOT**.  [Doc. No. 16.]  The Clerk of the Court is instructed to
16 terminate the case file.

17     **IT IS SO ORDERED.**

18 DATED: March 21, 2012

                                          Hon. Michael M. Anello
                                          United States District Judge